UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN DUARTE, | Case No. 25-cv-04124-NW |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO DISMISS** |
| T-MOBILE US, INC., | Re: ECF No. 28 |
| Defendant. | |

On March 31, 2025, Plaintiff Ryan Duarte sued Defendant T-Mobile US, Inc. ("T-Mobile") in Santa Clara Superior Court.  ECF No. 1.  Defendants subsequently removed Plaintiff's action to this District.  *Id*.

On October 15, 2025, the Court granted Defendant's motion to dismiss Plaintiff's complaint with leave to amend.  ECF No. 24.  The Court found that one issue raised in Defendant's motion was dispositive: Plaintiff had alleged in the complaint that he "was terminated from his job with *Health Net*," not T-Mobile.  The Court granted Plaintiff leave to amend.

Plaintiff filed a first amended complaint ("FAC") on November 26, 2025.  ECF No. 27.  In the FAC, Plaintiff alleges that Defendant violated Plaintiff's rights by wrongfully terminating his employment based on his religious beliefs, specifically, the belief that he cannot take a vaccine for COVID-19.  Plaintiff brings two claims: (1) violation of California's Fair Employment & Housing Act ("FEHA") for employment discrimination; and (2) violation of California's Unfair Competition Law ("UCL").

Having considered the parties' briefs and the relevant legal authority, the Court concluded oral argument was not required, *see* N.D. Cal. Civ. L.R. 7-1(b), and vacated the hearing.  The Court GRANTS Defendant's motion to dismiss.

## I.   BACKGROUND[1]

Plaintiff is a former T-Mobile employee, and resident of California.  In September 2021, after T-Mobile began requiring COVID-19 vaccinations, Plaintiff submitted a request for a religious exemption to T-Mobile's accommodations department.  In his accommodation request, Plaintiff stated that his Christian beliefs prevented him from taking the COVID-19 vaccine, quoting the biblical instruction in 1 Corinthians 6:19-20, "that his body is a temple."  FAC ¶ 9.  Plaintiff asked T-Mobile to accommodate him by allowing him to work from home.  Soon after, T-Mobile put employees who requested an exemption on paid leave of absence.  "Defendant then revoked Plaintiff's exemption request and Plaintiff was terminated from his job with T-Mobile on April 4, 2022."  *Id*. ¶ 13.

## II.   LEGAL STANDARD

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the [plaintiff]."  *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.   DISCUSSION

Defendant moves to dismiss the entirety of Plaintiff's complaint.  ECF No. 28.  The motion is fully briefed.  ECF Nos. 29, 32.

### A.   FEHA Claim

To state a claim for religious discrimination under FEHA, "a plaintiff must allege, among other things, that she holds 'a bona fide religious belief' that conflicts with an employment requirement." *Bolden-Hardge v. Off. of California State Controller*, 63 F.4th 1215, 1222 (9th Cir. 2023) (quoting *Friedman v. S. Cal. Permanente Med. Grp.*, 102 Cal. App. 4th 39, 45 (2002) (discussing FEHA claims)).  "[C]ourts [are not required to] take plaintiffs' conclusory

---

[1] The factual background is drawn from the First Amended Complaint.  *See* ECF No. 1.

assertions of violations of their religious beliefs at face value." *Id.* at 1223 (stating the plaintiff bears the burden to allege a conflict with religious beliefs).

Here, Plaintiff does not allege sufficient facts to plausibly support an inference that his belief conflicts with T-Mobile's vaccine policy. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff alleges in the FAC that:

> [H]is Christian religious beliefs prevented them from taking the COVID-19 vaccine. Plaintiff quoted the biblical instruction in 1 Corinthians 6:19-20 that his body is a temple. He also told T-Mobile that his religious beliefs prevented him from putting foreign substances in his body. Moreover, Plaintiff sent T-Mobile a letter from the Board President of Warriors of the Ruwach, a Christian organization, which stated that Plaintiff should not take vaccinations because doing so goes against biblical scripture.

FAC ¶¶ 9-10.

While Plaintiff's FAC references a letter from the "Board President of Warriors of the Ruwach," he does not identify why vaccines go against "biblical scripture" in his beliefs, nor does Plaintiff attach the letter. Further, Plaintiff has not plausibly alleged he was terminated because of his religious beliefs. Rather, he alleges that he submitted an exemption request, and then "Defendant put all employees seeking an exemption request on a paid leave of absence" and "revoked Plaintiff's exemption request and Plaintiff was terminated from his job." FAC ¶ 13. These facts do not plausibly allege that Defendant's decision to put employees seeking exemptions on leave of absence was tied to the employees' religious beliefs, or that Plaintiff was later terminated because of his beliefs. These conclusory allegations are insufficient. *Iqbal*, 556 U.S. at 678; *Zajonc v. T-Mobile US, Inc.*, No. 3:25-CV-02860-JSC, 2025 WL 2419267, at *2 (N.D. Cal. Aug. 21, 2025) (holding that former T-Mobile employee had not adequately alleged that T-Mobile terminated her because of her religious beliefs).

Defendant's motion to dismiss Plaintiff's FEHA claim is granted.[2]

---

[2] In the alternative, Defendant moves to dismiss Plaintiff's FEHA claim on the grounds that Plaintiff failed to allege sufficient facts to show that he exhausted his administrative remedies. "[A]n employee bringing a FEHA claim must exhaust her administrative remedies by filing an administrative complaint with [the California Civil Rights Department ("CRD")] within one year of the alleged unlawful conduct. . . . [I]f [CRD] decides not to pursue the claim raised by the

<div style="writing-mode: vertical-rl">United States District Court<br>Northern District of California</div>

**B.    UCL Claim**

The UCL provides only for equitable remedies.  Therefore, when a plaintiff brings a UCL claim in a federal court, they must establish that they "lack[] an adequate remedy at law" before the Court can award them the UCL's equitable relief.  *Sonner v. Premium Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020); *see also* Business & Professions Code §17200, *et seq.* (prohibiting unlawful, unfair, and/or fraudulent business practices).  A plaintiff "must, at a minimum, ***plead*** that" they lack "adequate remedies at law" if they seek equitable relief.  *Johnson v. Trumpet Behav. Health, LLC*, No. 3:21-CV-03221-WHO, 2022 WL 74163, at *3 (N.D. Cal. Jan. 7, 2022) (internal quotation and citation omitted) (emphasis in original).  To meet this burden, Plaintiff must plead "specific facts showing that damages are 'inadequate or incomplete.'" *Norman v. Gerber Prods. Co.*, No. 21-CV-09940-JSW, 2023 WL 122910, at *3 (N.D. Cal. Jan. 6, 2023) (internal citation omitted).

Plaintiff fails to allege that he lacks an adequate remedy at law.  Nor has Plaintiff alleged his claims in the alternative.  Plaintiff does not assert that the damages available from his FEHA claim will be "inadequate or incomplete." *Norman*, 2023 WL 122910 at *3; *Zajonc*, 2025 WL 2419267 at *3 ("Plaintiff's FEHA claim seeks damages, and thus, provides an adequate remedy at law.").  At this pleading stage, while Plaintiff "need not explain in great detail why [his] legal remedies are insufficient[,]" he must at least provide "an allegation to that effect." *Rabin v. Google LLC*, 725 F. Supp. 3d 1028 (N.D. Cal. 2024).

---

employee, it must issue a right-to-sue letter notifying the employee that she may bring a civil legal action against her employer within one year of the date of the notice." *McCullough v. Xerox Corp.*, No. 13-cv-04596-HSG, 2015 WL 5769620, at *7 (N.D. Cal. Oct. 2, 2015) (internal citations omitted).  A plaintiff who fails to sufficiently allege exhaustion of administrative remedies fails to state a FEHA claim. *See Minor v. Fedex Off. & Print Servs., Inc.*, 182 F. Supp. 3d 966, 983 (N.D. Cal. 2016).  Here, Plaintiff did not allege in his FAC that he received a right-to-sue letter from CRD.  Plaintiff alleges only that he "met all jurisdictional requirements" and "submitted a claim with the EEOC and is currently waiting for EEOC to finish its investigation . . . issue a right to sue letter."  FAC ¶ 15.   Plaintiff indicates in his Opposition that he received a right-to-sue notice from CRD on March 25, 2025, a few days before he initiated this action.  Decl. of Trevor Weinberg, ¶ 2, ECF No. 29, Ex. 1.  However, the FAC itself does not contain these alleged facts presented by Plaintiff in his Opposition.  Plaintiff must address this discrepancy should he elect to file an amended complaint.

United States District Court
Northern District of California

4

Plaintiff argues that he can recover prospective injunctive relief only under the UCL, and has therefore alleged that he lacks an adequate remedy at law for that specific form of relief. ECF No. 29 at 16. To establish Article III standing to bring a claim for forward-looking relief, Plaintiff must demonstrate that he faces "a substantial risk of future injury." *Murthy v. Missouri*, 603 U.S. 43, 69 (2024). Plaintiff has not alleged that T-Mobile in fact has a policy of terminating employees for failing to take the COVID-19 vaccine or that he, a former employee, faces a substantial risk of future injury. Accordingly, Plaintiff's UCL claim for prospective injunctive relief fails for lack of Article III standing.

Defendant's motion to dismiss Plaintiff's UCL claim is granted.

## IV. CONCLUSION

Defendant's motion is GRANTED with leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (pursuant to Rule 15(a), leave to amend "should be freely granted when justice so requires," keeping in mind the underlying purpose of Rule 15 is "to facilitate decision on the merits, rather than on the pleadings or technicalities.") (en banc) (internal quotes and ellipses omitted).

Plaintiff shall file an amended complaint within 21 days of this Order. Plaintiff may not add claims or parties without further leave of Court. If Plaintiff's amended complaint does not sufficiently address the issues raised in this Order, Plaintiff's claims will be dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: May 6, 2026

Noël Wise
United States District Judge

United States District Court
Northern District of California

5