United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN DUARTE,<br>Plaintiff,<br>v.<br>T-MOBILE US, INC.,<br>Defendant. | Case No. 25-cv-04124-NW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: ECF No. 43 |

Defendant T-Mobile US, Inc. ("T-Mobile") filed a motion to dismiss Plaintiff Ryan Duarte's second amended complaint ("SAC"). ECF No. 43. The motion is fully briefed. ECF Nos. 44, 45. Having considered the parties' briefs and the relevant legal authority, the Court concluded oral argument was not required and vacated the motion hearing. N.D. Cal. Civ. L.R. 7-1(b). For the foregoing reasons, the Court DENIES Defendant's motion to dismiss the FEHA claim and GRANTS Defendant's motion to dismiss the UCL claim without leave to amend.

## I. DISCUSSION

The Court assumes familiarity with the background on this case, as outlined in the Court's prior orders. *See* ECF Nos. 24, 37.

In his SAC, Plaintiff alleges that Defendant violated Plaintiff's rights by wrongfully terminating his employment based on his religious belief that he cannot take a vaccine for COVID-19. Plaintiff brings two claims: (1) violation of California's Fair Employment & Housing Act ("FEHA") for employment discrimination; and (2) violation of California's Unfair Competition Law ("UCL"). SAC, ECF No. 40. Relevant here, Plaintiff adds new allegations in the SAC that Plaintiff's religious objection stems from his conviction that "taking [the COVID-19 vaccines] contradicts the Bible's teachings concerning God's value for human life due to the

vaccines' connection to abortion[,]" because "the COVID-19 vaccines used fetal cells in their development." SAC ¶ 9.

**A. FEHA Claim**

To state a claim for religious discrimination under FEHA, "[t]he employee 'must . . . plead a prima facie case of failure to accommodate her religion.' . . . [T]he plaintiff must show that '(1) she had a bona fide religious belief, the practice of which conflicted with an employment duty; (2) she informed her employer of the belief and conflict; and (3) the employer threatened her with or subjected her to discriminatory treatment, including discharge, because of her inability to fulfill the job requirements.'" *Weiss v. Permanente Med. Grp., Inc.*, 182 F.4th 1139, 1144 (9th Cir. 2026) (quoting *Detwiler v. Mid-Columbia Med. Ctr.*, 156 F.4th 886, 893 (9th Cir. 2025)).

T-Mobile argues that pursuant to *Detwiler v. Mid-Columbia Medical Center*, "Plaintiff has failed to allege any bona fide religious belief that conflicted with T-Mobile's vaccination requirement." Mot. at 11. The Court disagrees. As the Ninth Circuit recently explained in *Ridings v. PeaceHealth*, which addressed *Detwiler*, "[t]he central question remains whether an employee's professed religious beliefs, taken at face value, conflict with the employer's policy. That is a low bar: We merely ask whether 'there is any nexus between religion and [the employee's] viewpoint' on the employment policy." No. 24-7282, 2026 WL 2871881, at *5 (9th Cir. Sept. 24, 2026) (emphasis and citations omitted). Applying this standard, the court found a nexus between Ridings' religiously-based objection to "the use of fetal cells" in the COVID-19 vaccine, and her employer's policy requiring employees to be vaccinated for COVID-19. *Id.* at *6. But the court found no such nexus when analyzing Detwiler's objection, which "turned on a purely secular determination that the nasal swab [for testing COVID-19] causes physical harm." *Id.*; *see Detwiler*, 156 F.4th at 895. Given the factual distinctions between the cases, this Court does not view a conflict between the holdings in *Detwiler* and *Ridings*. Rather, in each case the court employed similar logic in assessing whether the plaintiff's unique allegations (as presented in the complaint) established any "nexus" between religion and the plaintiff's view on the relevant employment policy. Here, because Plaintiff pleads the same religious basis as Ridings for his objection to taking the COVID-19 vaccine, the Court finds Plaintiff's allegations sufficient.



United States District Court
Northern District of California

United States District Court
Northern District of California

Defendant also contends that Plaintiff failed to adequately plead the notice element for religious discrimination under FEHA. In this context, notice "require[s] the employee to provide 'only enough information about [his] religious needs to permit the employer to understand the existence of a conflict.'" *Weiss*, 182 F.4th at 1145 (quoting *Heller v. EBB Auto Co.*, 8 F.3d 1433, 1439 (9th Cir. 1993)). Like in *Weiss*, it is uncontested that T-Mobile understood that Plaintiff was claiming a religious, as opposed to a secular, exemption to its vaccination mandate. *See* Reply at 5 (arguing only that Plaintiff never mentioned the use of fetal cells as a basis for his religious objection). Plaintiff has plausibly alleged that he provided sufficient information for T-Mobile to "understand the existence of a conflict" between his beliefs and the mandate. *Weiss*, 182 F.4th at 1146 (citation omitted).

Plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face" for the FEHA claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**B. UCL Claim**

When a plaintiff brings a UCL claim in a federal court, they must establish that they "lack[] an adequate remedy at law." *Sonner v. Premium Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). At this pleading stage, while Plaintiff "need not explain in great detail why [his] legal remedies are insufficient[,]" he must at least provide "an allegation to that effect." *Rabin v. Google LLC*, 725 F. Supp. 3d 1028, 1032 (N.D. Cal. 2024). To meet this burden, Plaintiff must plead "specific facts showing that damages are 'inadequate or incomplete.'" *Norman v. Gerber Prods. Co.*, No. 21-CV-09940-JSW, 2023 WL 122910, at *3 (N.D. Cal. Jan. 6, 2023) (citation omitted). Responding to the Court's May 6, 2026 Order granting dismissal, ECF No. 37, Plaintiff added the following allegations, seeking both retrospective and prospective relief:

> To the extent that the legal remedies sought in Plaintiff's FEHA cause of action are inadequate, incomplete, or insufficient, in the alternative, Plaintiff alleges in the alternative that he lacks an adequate remedy at law and seeks equitable remedies available under the UCL.
>
> Plaintiff seeks equitable remedies including, but not limited to, restitution from Defendant, and an injunction prohibiting them from engaging in the unlawful, unfair, and/or fraudulent conduct alleged herein.

SAC ¶¶ 42, 43.

As to restitution, Plaintiff still has not explained why the legal remedies available to him would be inadequate, nor does he explain what "restitution" means in this case.[1] *McCausland v. PepsiCo, Inc.*, 769 F. Supp. 3d 1060, 1067 (N.D. Cal. 2025) ("To plausibly allege that a party lacks an adequate legal remedy, . . . plaintiffs must 'explain how the money they seek through restitution is any different than the money they seek as damages.'" (citation omitted)). The Court finds Plaintiff's request for retrospective relief inadequately pleaded.

Similarly, Plaintiff's request for prospective relief remains insufficient. As the Court explained in its May 6, 2026 Order, to establish Article III standing to bring a claim for forward-looking relief, Plaintiff must demonstrate that he faces "a substantial risk of future injury." *Murthy v. Missouri*, 603 U.S. 43, 69 (2024). While Plaintiff has now alleged that T-Mobile implemented a policy of terminating employees for failing to take the COVID-19 vaccine, SAC ¶ 18, he does not allege that he, a former employee, faces a substantial risk of future termination. Thus, Plaintiff lacks Article III standing. And because "[r]elief that has the primary purpose or effect of redressing or preventing injury to an individual plaintiff—or to a group of individuals similarly situated to the plaintiff—does not constitute public injunctive relief," Plaintiff's private-sounding demand cannot be recast as seeking public injunctive relief in the alternative. *McGill v. Citibank, N.A.*, 2 Cal. 5th 945, 955 (2017). Accordingly, Plaintiff's allegations supporting his UCL claim for prospective injunctive relief are insufficient.

Because Plaintiff fails to adequately plead the relief he seeks under the UCL, the UCL claim is dismissed. Plaintiff has already been granted leave to amend to address his lack of allegations to support the UCL claim, but he was unable to do so. *See* ECF No. 37. The Court therefore concludes further amendment would be futile and dismisses this claim without leave to amend. *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) ("Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal.").

[1] For example, Plaintiff has not alleged entitlement to unearned wages or a property interest in his employment, even assuming such theories are legally cognizable.



United States District Court
Northern District of California

United States District Court
Northern District of California

## II. CONCLUSION

T-Mobile's motion to dismiss is DENIED as to the FEHA claim and GRANTED as to the UCL claim without leave to amend. T-Mobile shall file an answer to the SAC (FEHA claim only (First Cause of Action)) within 21 days of this Order.

**IT IS SO ORDERED.**

Dated: October 27, 2026

Noël Wise
United States District Judge